IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STANLEY HOBEREK,

    Petitioner,

v.                                  Civil Action No. 5:00CV184
                                         (Criminal Action No. 5:99CR13)
UNITED STATES OF AMERICA,                  (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

Pro se petitioner, Stanley Hoberek, was indicted by a grand jury on February 3, 1994 in a 29-count indictment relating to possession and distribution of drugs. Petitioner was charged in Counts One, Twenty-Two, Twenty-Three and Twenty-Four. Petitioner was sentenced to a total of 324-months imprisonment. Specifically, petitioner was sentenced to 324-months imprisonment as to Count One, 240-months imprisonment as to Count Twenty-Two and 60-months imprisonment as to Counts Twenty-Three and Twenty-Four. All terms of imprisonment were to be served concurrently with the others. The petitioner then appealed his conviction to the United States Court of Appeals for the Fourth Circuit where petitioner's conviction was affirmed on August 11, 2000.

On October 25, 2000, the petitioner filed a motion to vacate, set aside, or correct sentence by a person in federal custody

pursuant to 28 U.S.C. § 2255. The petition was denied by this Court on April 11, 2002.

On December 14, 2005, the petitioner filed a "Motion to Vacate Conviction Based on a Previously Unavailable Claim." The United States filed a response and the petitioner replied thereto. Thereafter, the petitioner filed a "Motion to Vacate Judgment of Section 2255 Entered in this Case." The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. The magistrate judge construed both motions as applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

Magistrate Judge Seibert filed a report recommending that the petitioner's § 2255 motions be dismissed for lack of jurisdiction. The magistrate judge also informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

2

unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

Title 28, United States Code, Section 2255 provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. A § 2255 petition is successive when the first petition was dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002).

In this case, the petitioner's first § 2255 motion was considered on the merits. The petitioner's current § 2255 motions challenge the same sentence that was challenged in his first § 2255 motion. Thus, the magistrate judge found that the petitioner's current motions are successive petitions and that the petitioner did not obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion

in this Court.  Accordingly, the magistrate judge recommended that the petitioner's current § 2255 motions be denied with prejudice.

The petitioner does not object to the dismissal of his first § 2255 petition, styled "Motion to Vacate Conviction Based on a Previously Unavailable Claim."  The petitioner agrees that the motion is no longer viable because the United States Supreme Court recently held that Crawford v. Washington, 541 U.S. 26 (2004) is not retroactive.  Whorton v. Bockting, 127 S. Ct. 1173 (2007). Rather, the petitioner contends that his second motion, styled "Motion to Vacate Judgment of Section 2255 Entered in this Case," is not a new petition for habeas corpus but is a motion for reconsideration of the denial of his previous § 2255 petition.  The petitioner asserts that he is entitled to reconsideration under Federal Rule of Civil Procedure 60(b)(6) because in adopting the report and recommendation of the magistrate judge, this Court did not reach the merits of petitioner's Apprendi v. New Jersey, 530 U.S. 466 (2000), claim.

The petitioner's objections are without merit.  The magistrate judge appropriately construed the petitioner's motion as a petition pursuant to 28 U.S.C. § 2255.  The motion attacks this Court's previous resolution of the petitioner's Apprendi claim, and therefore it is effectively indistinguishable from a petition for habeas corpus.  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Specifically, the petitioner argues in his motion that "this Court

4

should have vacated the sentence, and should do so now" because this Court did not appropriately resolve the petitioner's <u>Apprendi</u> claim. The petitioner may not circumvent the rules for filing a second or successive § 2255 petition by couching such petition in the language of a Rule 60(b) motion. <u>Id.</u>

Because the petitioner did not obtain the appropriate authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 petition, this Court must dismiss both of petitioner's § 2255 petitions with prejudice for lack of jurisdiction.

V. <u>Conclusion</u>

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the petitioner's § 2255 motions are DENIED WITH PREJUDICE for lack of jurisdiction. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court

will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.

DATED: October 22, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE